UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVA RAMEY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHALS SERVICE, *et al.*,<br><br>    Defendants. | Civil Action No. 07-1391 (CKK) |

**ORDER**
(October 15, 2007)

Plaintiff Ava Ramey filed a Complaint against the United States Marshals Service and Ruth Hammond (collectively "Defendants") on July 31, 2007. One of Plaintiff's three counts is a retaliation claim brought under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). The Clerk of the Court appears to have treated Plaintiff's FCA claim as a *qui tam* claim brought under 31 U.S.C. § 3730(b) rather than a retaliation claim brought under 31 U.S.C. § 3730(h). Because § 3730(b) mandates certain special service procedures (such as requiring the complaint to be filed under seal and served on the United States government, which then has a period of no less than sixty days to review the case and decide whether to intervene), the Clerk of the Court declined to issue a summons typically issued in civil complaints.

The service procedures described in § 3730(b) do not apply to Plaintiff's retaliation claim under 31 U.S.C. § 3730(h). *See United States ex rel. Mcbride v. Halliburton Co.*, 2007 U.S. Dist. LEXIS 48112 at *15 (D.D.C. Jul 5, 2007) ("[Section 3730(h)] is separate from its sister FCA provisions in that claims thereunder are not brought as *qui tam* actions but rather on behalf

of the plaintiff herself. The government has no monetary interest in these claims and is not a party thereto"); *United States ex rel. Pilon v. Martin Marietta Corp. et al.*, 60 F.3d 995, 999 (2d Cir. 1995) ("Section 3730(h) retaliation claims, unlike § 3730(b) *qui tam* claims, are not subject to the procedural requirements of § 3730(b)(2)"). Accordingly, the Clerk of the Court should issue a summons so Defendant may be properly served in accordance with Fed. R. Civ. P. 4.

For the foregoing reasons, it is this 15th day of October, 2007, hereby

**ORDERED** that Plaintiff's Motion is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall issue a summons consistent with this Order.

**SO ORDERED**.

                                               /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge