# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AVA RAMEY,                                          )
                                                    )
    Plaintiff,                              )
                                                    )     Civ. No. 07-1391 (CKK)
    v.                                      )     ECF
                                                    )
U.S. MARSHALS SERVICE, ET AL.,                      )
                                                    )
    Defendants.                             )
_____)

## ANSWER

    Defendant United States Marshals Service hereby responds to Plaintiff's Complaint as follows:[1]

1.    The allegations of paragraph 1 of the Complaint contain conclusions of law to which no response is necessary.

2.    Defendant denies the allegations in paragraph 2.

3.    Defendant denies the allegations in paragraph 3.

4.    Defendant deny the allegations in paragraph 4.

<u>Jurisdiction</u>

5.    The allegations of paragraph 5 of the Complaint contain conclusions of law to which no response is necessary.

---

[1]    Plaintiff also sues Ms. Ruth Hammond (n/k/a Ruth Price) in her individual capacity. However, to date, Plaintiff has not effectuated proper service on Ms. Hammond under Fed. R. Civ. P. 4((i)(2)(B). Therefore, this Answer is filed on behalf of Defendant U.S. Marshals Service only.

Venue

6.     The allegations of paragraph 6 of the Complaint contain conclusions of law to which no

response is necessary.

Parties

7.     Defendants admit the allegations contained in the first two sentences of paragraph 7 of

the complaint.  Defendant lacks sufficient information and belief to either admit or deny

the remaining allegations contained in paragraph 7 of the Complaint.

8.     Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.     Defendant admits the allegations contained in the first sentence of paragraph 9 of the

Complaint.  Defendant denies the remaining allegations contained in paragraph 9 of the

Complaint.

Statement of Facts

10.    Defendant denies that allegations contained in paragraph 10 of the Complaint.

11.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 11 of the Complaint.

12.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 12 of the Complaint and, therefore, deny them.

13.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 13 of the Complaint.

14.    Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 15 of the Complaint.

16.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19.    Defendant admits the allegations contained in paragraph 19 of the Complaint.

20.    Defendant admits the allegations contained in the first sentence of paragraph 20 of the Complaint.  Defendant denies the remaining allegations of paragraph 20.

21.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the Complaint.

24.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies  the allegations contained in paragraph 25 of the Complaint.

26.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendant admits the allegations contained in paragraph 27 of the Complaint.

28.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 28 of the Complaint.

29.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.     Defendant lacks sufficient knowledge or information to either admit or deny the first and third sentences in paragraph 32 of the Complaint.  Defendant admits in the allegation in second, fourth, fifth and sixth sentences of paragraph 32.

33.     Defendant admits the first and second sentences of paragraph 33 of the Complaint. Defendant denies the third and fourth sentences of paragraph 33.

34.     Defendant admits the allegations contained in paragraph 34 of the Complaint.

35.     Defendant admits the allegations contained in the first two sentences of paragraph 35 of the Complaint.  Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendant admits that Plaintiff responded to her removal action on June 28, 2006, as alleged in the first sentence of paragraph 37.  The June 28 letter speaks for itself.  The remaining allegations of paragraph 37 characterize the June 28 letter and, to the extent that the characterizations conflict with the letter, Defendant denies them.

38.     Defendant lacks sufficient knowledge or information to either admit or deny the

4

allegations contained in paragraph 38 of the Complaint.

39.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in paragraph 39 of the Complaint.

40.    Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in the first sentence of paragraph 40 of the Complaint.  Defendant

admits the remaining allegations.

41.    Defendant admits the allegations contained in paragraph 41 of the Complaint.

Count I: Violation of First Amendment Right to Free Speech and Assembly

42.    Defendant incorporates by reference their responses to the allegations in paragraphs 1 to

41.

43.    Defendant denies the allegations in paragraph 43 of the Complaint.

44.    Defendant denies the allegations in paragraph 44 of the Complaint.

45.    Defendant denies the allegations in paragraph 45 of the Complaint.

46.    Defendant denies the allegations in paragraph 46 of the Complaint..

Count II:  Violation of the False Claims Act, 31 U.S.C. § 3730

47.    Defendants incorporate by reference their responses to the allegations in paragraphs 1 to

46.

48.    Defendant denies the allegations in paragraph 48 of the Complaint.

49.    Defendant denies the allegations in paragraph 49 of the Complaint.

50.    Defendant denies the allegations in paragraph 50 of the Complaint.

51.    Defendant denies the allegations in paragraph 51 of the Complaint.

<u>Count III:  Violation of the Privacy Act, 5 U.S.C. § 552(a)</u>

52.    Defendants incorporate by reference their responses to the allegations in paragraphs 1 to

       51.

53.    Defendant denies the allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

55.    Defendant denies the allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.


**PRAYERS FOR RELIEF**

        The remaining allegations contain Plaintiff's Prayer for Relief (Paragraphs a-g)

to which no response is necessary. To the extent that a response may be deemed

necessary, Defendant denies that Plaintiff is entitled to the relief sought, or to any relief

whatsoever.  Defendant also denies that Plaintiff is entitled to a jury trial.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Plaintiff fails to mitigate damages.

3.    As a contract employee and not a federal employee, Plaintiff may not have standing to

sue to Defendant USMS.

Dated: March 25, 2008.                    Respectfully Submitted,


    /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

7