

| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA | |
|---|---|
| AVA RAMEY,<br>          Plaintiff,<br><br>          v.<br><br>U.S. MARSHALS SERVICE, ET AL.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-CV-1391 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## LOCAL CIVIL RULE 16.3(d) REPORT

The Parties to the above captioned case, by and through their undersigned counsel, state the following for their Rule 16.3(d) Meet and Confer Report.

**1.   Statement of the Case**

   **a.   Plaintiff's Statement of the Case**

Plaintiff Ava Ramey claims that Defendant United States Marshals Service ("USMS" or "Defendant") violated her civil and constitutional rights by causing her termination because she exercised her First Amendment rights to freedom of speech and assembly and in retaliation for her whistle-blower activity.  She also claims that the USMS violated the Privacy Act when it maintained records on her as part of a system of records but failed to insure that it maintained accurate and complete records and that failure resulted in her termination.

Plaintiff Ramey was a Court Security Officer ("CSO") working in the District of Columbia Superior Courthouse building.  At the time of her termination, she was employed by MVM, Inc., federal contractor who entered into a Judicial Security Contract with the USMS to provide CSOs for the federal courthouses known collectively as the Twelfth Circuit.  Because of the large

degree of control the USMS exercises over the CSOs, the USMS is considered a co-employer of the CSOs.

Plaintiff Ramey was the President of United Government Security Officers of America Local 80 ("UGSOA Local 80" or "Union") and the Regional Director for the Washington D.C. region for UGSOA International Union.  In her capacity of Union President, Plaintiff filed numerous grievances and unfair labor practice charges.  The USMS caused MVM to investigate Plaintiff Ramey based on incidents relating to her duties as Union President and relied on documents detailing her union activity to support its decision to remove Plaintiff from the contract.  In so doing, Defendant violated Plaintiff's First Amendment right to freedom of speech and assembly.

Plaintiff Ramey also reported practices involving timekeeping and employee breaks established by MVM with the approval of the USMS that constituted fraudulent billing practices. She reported those practices to the Department of Labor Office of Federal Contact Compliance Programs ("OFCCP"), which subsequently turned the information over to the USMS Chief of Judicial Security Contracts.  On information and belief, the U.S. Department of Justice began investigating the charges and eventually convened a grand jury.  In January 2006, shortly before Plaintiff's termination, MVM changed the policies that resulted in the fraud, waste and abuse. Defendant USMS's removal of Plaintiff from the contract and subsequent termination was motivated, at least partially, by retaliation for her whistleblowing activies in violation of the False Claims Act, 31 U.S.C. § 3730(h).

Plaintiff followed the applicable administrative appeal procedures and requested that the USMS rescind its decision to remove her from the contract.  During the appeal, Plaintiff requested documents from the USMS and discovered that it had and relied upon a substantial

number of documents that she had not idea the USMS possessed. A number of those documents contained false and defamatory information and pertained to incidents about which Plaintiff was not aware. Defendant USMS retained those records in a record keeping system, but never sought responsive information from Plaintiff. Defendant relied upon those documents in its decision to remove Plaintiff from the contract and cause her termination. In relying on such documents to remove Plaintiff from the contact and cause her termination, the USMS violated the Privacy Act, 5 U.S.C. § 552(a)(e)(2).[1]

    b.    **Defendant's Statement of the Case**

Plaintiff Ava Ramey, a private contractor employee who formerly served as a Court Security Officer (CSO) at the District of Columbia Superior Court, sued the U.S. Marshals Service (USMS) and Ruth Hammond (n/k/a Ruth Price) for causing her employer (MVM, Inc.) to terminate her employment. MVM, Inc., was a federal contractor with Defendant U.S. Marshals Service providing security to courthouses in the District of Columbia.[2] Plaintiff was not a federal employee at the time of her termination.

Plaintiff claims that the USMS violated her First Amendment, the False Claim Act, and the Privacy Act, when the USMS caused MVM Inc., to remove Plaintiff as a CSO for her alleged reports of fraud and waste by MVM Inc., and for her speaking to the Chief Judge of the District of Columbia Superior Court about courthouse security matters.

Plaintiff's Complaint fails to state a claim for which relief maybe granted. Specifically, Plaintiff's First Amendment claim (Count I), fails to show that her "speech" involved a matter of public concern deserving protection. Rather, her alleged speech pertained only to internal CSO

---

[1] Plaintiff is planning to dismiss Defendant Ruth Hammond from this case and expects to file a motion shortly to that effect.
[2] To the extent that Plaintiff is suing Ms. Price in her individual capacity, Plaintiff has not effectuated proper service on Ms. Price under Fed. R. Civ. P. 4(i)(4).

procedural and contractual matters. Plaintiff's False Claim Act claim (Count II) fails as a matter of law because the USMS was not her employer. Under the False Claim Act, an employee may sue an employer for retaliating against the employee because of the employee's "whistle blowing" activities. However, the USMS was not Plaintiff's employer. Rather, she was employed by MVM, Inc., a contractor to the USMS. Finally, Plaintiff's Privacy Act claim (Count III) lacks merit because the Complaint fails to allege what is inaccurate about the USMS's records concerning her.

**2.      Potential For Disposition By Motion**

No dispositive motions have been filed thus far in this civil action. The USMS intends to file a motion to dismiss or, in the alternative, for motion for summary judgment within 30 days after the Initial Status Hearing.

**3.      Time For Joining Parties And Amending Pleadings**

The parties do not foresee the addition of any parties at this time.

**4.      Assignment To Magistrate Judge**

The parties do not consent to the assignment of this case to a magistrate judge at this time.

**5.      Potential For Settlement**

The parties do not foreclose the potential of settlement, and will pursue efforts to settle this case on their own accord.

**6.      Alternative Dispute Resolution**

The parties agree that, at this point in the proceedings, court-ordered mediation is not likely to assist them in their efforts to settle this matter.

**7.      Resolution By Dispositive Motion**

As indicated in Paragraph 1, the USMS intends to file a motion to dismiss or, in the

alternative, for motion for summary judgment within 30 days after the Initial Status Hearing.

8.  **Initial Disclosures**

The parties proposes that the parties exchange the information required by Rule 26(a)(1), if necessary, within 20 days of the Court's resolution of the USMS's anticipated dispositive motion.

9.  **Discovery**

The parties proposes that the parties confer and propose a discovery schedule after the Court resolves the USMS's anticipated dispositive motion.

10. **Expert Witnesses**

At this time the parties do not seek any modification of the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure related to expert witness reports.

11. **Class Action Procedures**

Not Applicable.

12. **Bifurcation Of Discovery And Trial**

The parties do not believe it is necessary to bifurcate discovery or trial in this matter at this time.

13. **Pretrial Conference**

The parties suggest that the Court set up a pretrial conference date after resolution of any post-discovery dispositive motions.

14. **Trial Date**

The parties propose that the court set the trial date at the pretrial conference to be held in this matter.

**15. Other Matters**

The parties are unaware of any additional matters or concerns that the Court needs to address at this time.

Date: May 22, 2008

Respectfully Submitted,

| | |
|---|---|
| /s/ | /s/ |
| _____ | _____ |
| Jeffrey A. Taylor (DC Bar. No. 498610) | Leslie Deak |
| United States Attorney | Law Offices of Leslie Deak |
| | 1200 G Street, N.W |
| /s/ | Suite 800, No. 099 |
| _____ | Washington, D.C. 20005 |
| Rudolph Contreras (DC Bar. No. 434122) | Tel. (512) 322-3911 |
| Assistant U.S. Attorney | Fax. (512) 322-3910 |
| | deaklaw@comcast.net |
| /s/ | COUNSEL FOR PLAINTIFF |
| _____ | |
| John C. Truong (DC Bar. No. 465901) | |
| Assistant United States Attorney | |
| 555 Fourth St. NW | |
| Civil Division | |
| Washington, DC 20530 | |
| Tel:  202-307-0406 | |
| Fax:  202-514-8780 | |
| john.truong@usdoj.gov | |

COUNSEL FOR THE DEFENDANT